IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT PAUL HAMMONDS,<br><br>Plaintiff,<br><br>vs.<br><br>MED. REP. CHASE, MED. REP. LOVATO, SGT. RILEY, and WARDEN TOM GREEN,<br><br>Defendants. | CV 21-00097-BLGS-SPW-KLD<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Robert Paul Hammonds is a prisoner proceeding in forma pauperis and pro se and has filed a Complaint alleging various constitutional violations, pursuant to 42 U.S.C. § 1983. On February 8, 2022, this Court ordered Hammonds to show cause why his action should not be dismissed for failure to advise the Court and Defendants of his updated address. (Doc. 15.) Hammonds has not responded.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626,

1

633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Hammonds has failed to update his address with the Court or otherwise move this litigation forward.  This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal.  "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639

(9th Cir. 2002). The Court cannot manage its docket if Hammonds refuses to comply with the Court's orders. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This factor favors dismissal, since Defendants have been unable to communicate with Plaintiff as required by this Court's scheduling order.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Hammonds has failed to comply with the Court's order to update his address, and therefore, this litigation cannot move forward. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other factors favoring dismissal, the weight of this factor is slight.

Therefore, the Court enters the following:

## RECOMMENDATION

1. Hammond's Complaint (Doc. 2) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Hammonds may file objections to these Findings and Recommendations within fourteen days after service thereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of March, 2022.

Kathleen L. DeSoto
United States Magistrate Judge